In re **KONA HAWAIIAN ASSOCIATES,** Debtor,

Richard **LYMAN, Jr., Myron Thompson, Matsuo Takabuki,** and **William S. Richardson,** Trustees of the Estate of Bernice Pauahi Bishop, Deceased, Plaintiffs,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Genstar Mortgage Corporation** and **MGIC Financial Corporation,** Defendants.

**Bankruptcy No. 83–00363.**
**Adv. No. 83–0227.**

United States Bankruptcy Court,
D. Hawaii.

June 13, 1984.

Susan Tius, Honolulu, Hawaii, for Bishop Estate.

Ton Seek Pai, Gary Okuda, Honolulu, Hawaii, for debtor.

Jerrold Guben, Honolulu, Hawaii, for Mortgagees.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

JON J. CHINEN, Bankruptcy Judge.

The Trustees of the Estate of Bernice Pauahi Bishop (hereafter "Bishop Estate") are holders of the fee simple interest and lessors to Kona Hawaiian Associates (hereafter "Debtor") of that certain leasehold interest upon which Debtor developed and now operates the Kona Lagoon Hotel. In 1972, Hawaii Western Mortgage Corporation in consideration for a $7.5 Million loan to Debtor received a promissory note secured by a mortgage against the leasehold interest of Debtor. In 1972, in connection with the aforesaid loan, and pursuant to the provisions of the lease between Bishop Estate and Debtor, Bishop Estate executed an Additional Security Mortgage of their fee simple estate underlying the Lease in favor of Hawaii-Western Mortgage Corporation. Defendant Federal Deposit Insurance Corporation (hereafter "FDIC") presently holds the mortgagee interest in both the original mortgage and the subsequent Additional Security Mortgage.

In April 1983, FDIC and the other defendants herein commenced a lawsuit in state court to foreclose both the Leasehold Mortgage and the Fee Simple Mortgage. The action was stayed as to Debtor due to Debtor's filing of a Chapter 11 bankruptcy petition on July 26, 1983. The FDIC thereafter scheduled a Motion for Summary Judgment against Bishop Estate seeking to continue foreclosure on the Fee Simple Mortgage.

On December 29, 1983, Bishop Estate filed the instant Complaint for Injunction Relief, requesting that this Court enjoin FDIC and the other mortgagees from proceeding against Bishop Estate in the state court foreclosure action. Bishop Estate alleges various defenses to the foreclosure and denies liability, in addition to claiming that mortgagees cannot proceed to judgment solely against Bishop Estate because Debtor's interests are inextricably interwoven with the claims of Bishop Estate in the state court action.

Hearing was held on Bishop Estate's Motion for Preliminary Injunction on January 9, 1984, at which were present Susan Tius for Bishop Estate, Ton Seek Pai and Gary Okuda for Debtor, and Jerrold Guben for mortgagees. After argument by counsel, the matter was taken under consideration pending a ruling on a pending Application for Approval of Sale of Debtor's interest in the Kona Lagoon Hotel. The sale having been approved by this court, the request for injunctive relief was rendered moot. However, the Court has recently been informed that the sale did not close on schedule, that mortgagees have rescheduled their Motion for Summary Judgment in the state court action, and this Court has been requested to issue a ruling on the pending Motion for Preliminary Injunction.

Having reviewed the argument of counsel and the record herein, the Court does not reach the merits of the controversy between mortgagees and Bishop Estate. The controversy herein is essentially a dispute between two nondebtor parties over which this Court has no jurisdiction. *Northern Pipeline Construction Co., v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The parties are free to pursue and defend the action in state court without injunction by this court.

Based on the foregoing, the instant Motion for Preliminary Injunction is hereby Denied.